# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDOLPH A. JACKSON,<br><br>               Petitioner,<br><br>   v.<br><br>I. HETMER, Warden,<br><br>               Respondent. | Case No. 2:19-cv-07830-JAK (AFM)<br><br>**ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED** |

Petitioner filed this petition for writ of habeas corpus on July 7, 2019.[1] From the face of the petition, it appears that it is subject to dismissal for the following reasons.

### 1. The "in custody" requirement

To obtain relief under section 2254, a petitioner must be "in custody" as a result of the conviction or sentence he wishes to challenge. 28 U.S.C. § 2254(a). The

---

[1] Although the petition was stamped filed by the Clerk's Office on September 10, 2019, Petitioner is entitled to the benefit of the "mailbox rule," pursuant to which a petition is deemed filed on the date on which it was handed it to the proper prison official for mailing. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). The Court assumes that Petitioner handed any state and federal petitions to the proper prison official on the date he signed them. *See Roberts v. Marshall*, 627 F.3d 768, 770 n.1 (9th Cir. 2010) ("When a prisoner gives prison authorities a habeas petition or other pleading to mail to court, the court deems the petition constructively 'filed' on the date it is signed.").

custody requirement is jurisdictional. *Bailey v. Hill*, 599 F.3d 976, 978 (9th Cir. 2010). A petitioner is not in custody if the sentence imposed for the challenged conviction has fully expired at the time the habeas corpus petition is filed. *Maleng v. Cook*, 490 U.S. 488, 492 (1989) (per curiam). Further, once a petitioner is unconditionally released, the collateral consequences of the conviction are not sufficient to render the petitioner in custody for the purposes of habeas corpus. *Maleng*, 490 U.S. at 492.

Petitioner challenges his 1981 conviction of assault with a deadly weapon in case number A196286. According to the petition, Petitioner was sentenced to state prison for a term of 6 years. (ECF No. 1 at 2.) Consequently, it appears that Petitioner's sentence expired some time in 1987. Because Petitioner is no longer in custody based on his conviction in case number A196286, he cannot challenge that conviction in a section 2254 petition.

The Court notes that Petitioner is currently incarcerated in the Arizona State Prison Complex – Yuma. (*See* ECF No. 1 at 1.) Despite the general rule of preclusion, a state prisoner whose current sentence has been enhanced by a prior conviction may, in limited circumstances, challenge that prior conviction even though the sentence on that conviction has expired. *See Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401, 403-404 (2001).[2] Petitioner here, however, does not allege that his conviction in Case No. A196286 was used to enhance his current sentence.

### 2. Statute of Limitation

State prisoners have a one-year statutory period to file a federal application for

---

[2] In *Lackawanna*, the Supreme Court held that once a state conviction is no longer open to direct or collateral attack "in its own right," it may be regarded as conclusively valid. "If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." *Lackawanna*, 532 U.S. at 401, 403-404. Limited exceptions to this holding exist, including, for example, when the conviction was obtained in violation of the right to the appointment of counsel under *Gideon v. Wainright*, 372 U.S. 335 (1963). *Lackawanna*, 532 U.S. at 404-405.

writ of habeas corpus. 28 U.S.C. § 2244(d)(1). This one-year period commences on the latest of four dates designated by statute:

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

When untimeliness is obvious on the face of a habeas petition, a district court has the authority to raise the statute of limitations sua sponte and to dismiss the petition on that ground so long as the court provides the petitioner with adequate notice and an opportunity to respond. *Wentzell v. Neven*, 674 F.3d 1124, 1126 (9th Cir. 2012); *Herbst v. Cook*, 260 F.3d 1039, 1042 (9th Cir. 2001).

Although Petitioner does not provide the date on which the California Supreme Court denied his petition for review, considering the fact that he was convicted in 1981, his conviction almost certainly was final long before April 24, 1996, the effective date of the AEDPA. Where a conviction becomes final prior to the effective date of the AEDPA, a prisoner has a one-year grace period – until April 24, 1997 – within which to file a federal petition. *See Patterson v. Stewart*, 251 F.3d 1243, 1245-1246 (9th Cir. 2001); *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir. 1999). Thus, absent tolling or some other exception, the limitation period expired on April 24, 1997, and this petition is untimely.

Statutory Tolling

The limitation period does not run while a properly filed state application for post-conviction relief is pending. 28 U.S.C. § 2244(d)(2). *See Carey v. Saffold*, 536 U.S. 214, 218-219 (2002). In California, an application is "pending" both during the time while a properly filed habeas application is actually before a state court and during the "gap" between a lower court's entry of judgment and the timely filing of a petition in the next higher court. *See Carey*, 536 U.S. at 218-219 (in California, state habeas petitions are "pending" so as to toll the limitation period during the interval between a lower court's determination of an initial petition and the filing of a subsequent petition in a higher court).

Petitioner does not allege that any state petition challenging his 1981 conviction was pending during the relevant period – that is, between April 24, 1996 and April 24, 1997.

Equitable Tolling

The limitation period also can be equitably tolled. Equitable tolling is warranted only if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). It is the petitioner's burden to show he is entitled to equitable tolling. *See Pace*, 544 U.S. at 418. Here, Petitioner has not alleged, nor does the record suggest, that extraordinary circumstances prevented him from timely filing a federal petition.

**For the foregoing reasons, Petitioner is ORDERED TO SHOW CAUSE why this action should not be dismissed for lack of jurisdiction and/or as untimely.** Petitioner may discharge this Order by filing a Response on or before **October 24, 2019** indicating (a) that he meets the "in custody" requirement and (b) that the petition is not barred by the statute of limitation. With regard to the statute of limitation, if Petitioner contends that he is entitled to a later date of accrual (*i.e.*,

4

that unconstitutional state action prevented him from timely filing a petition or that he could not have discovered the factual predicate of his claims until a certain date after his conviction became final) or that he is entitled to equitable tolling, Petitioner must describe specifically the nature and duration of any circumstances which he believes impeded his ability to timely file his petition. All facts relied upon by Petitioner must be proved by testimony contained in a declaration signed under penalty of perjury, *see* 28 U.S.C. §1746, or in properly authenticated documents.

**Finally, Petitioner is cautioned that his failure to timely file a response to this Order may result in the dismissal of this petition for lack of jurisdiction, as untimely, or for failure to prosecute and failure to comply with a court order.** *See* Fed. R. Civ. P. 41(b); C.D. Cal. Local Civil Rule 41-1.

**IT IS SO ORDERED.**

DATED: 10/3/2019

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE