# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDOLPH A. JACKSON,<br><br>Petitioner,<br><br>v.<br><br>I. HETMER, Warden,<br><br>Respondent. | Case No. 2:19-cv-07830-JAK (AFM)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, records on file and the Report and Recommendation of United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

Petitioner's objections are overruled. With the exception of the matters addressed below, Petitioner's objections do not warrant discussion because they are addressed appropriately in the Report.

Petitioner complains that the records related to his 1981 conviction have been destroyed. (ECF No. 19 at 1-3.) To the extent that Petitioner seeks to assert a claim related to the destruction of records, it is not cognizable in a federal habeas corpus action. A habeas corpus action necessarily presents a challenge to either a conviction or a sentence imposed by a state court judgment. *See* 28 U.S.C. § 2254; *Preiser v.*

*Rodriguez*, 411 U.S. 475, 500 (1973). When success on a claim "would not necessarily lead to his immediate or earlier release from confinement," that claim does not fall within the "core of habeas corpus" and is not properly raised in a habeas corpus petition. *Nettles v. Grounds*, 830 F.3d 922, 934-935 (9th Cir. 2016) (en banc). Because Petitioner's complaint regarding the destruction of records, if successful, would not affect the validity or length of his confinement, it is not properly raised in his habeas corpus petition. *See Nettles*, 830 F.3d at 934-935.

**THEREFORE IT IS ORDERED** that Judgment shall be entered dismissing this action without prejudice for lack of jurisdiction.

DATED:

Dated: March 24, 2020  _____
John A. Kronstadt
United States District Judge